IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BORIS MALINSKY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-3957 |
| : | |
| FBI, : | |
|     Defendant. : | |

**MEMORANDUM**

**MCHUGH, J.**     **OCTOBER 20, 2023**

Plaintiff Boris Malinsky initiated this civil action by filing a *pro se* Complaint against the Federal Bureau of Investigation ("FBI"). (ECF No. 1.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*, a Motion for Appointment of Attorney, and a Motion to Seal. (ECF Nos. 2-4.) For the following reasons, the Court will grant Malinsky leave to proceed *in forma pauperis*, dismiss the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and deny his remaining motions.

### I.     FACTUAL ALLEGATIONS[1]

The allegations in Malinsky's Complaint are brief. Mr. Malinsky alleges that in 2017 he "did 'walk in' to FBI office." (Compl. at 3.) The purpose of the visit appears to have been to transmit a "sworn notarized affidavit" from his mother allegedly attesting to the fact "that she was trained to lie in order to send [him] to prison." (*Id.*) Malinsky alleges that the FBI "stole [his] phone," which contained a video version of the statement, and that the FBI has "this video,

---

[1] The following facts are taken from Malinsky's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

via wiretap warrant." (*Id.*) According to Malinsky, he "was set up" by his mother six months later and, as a result, spent almost three years in custody. (*Id.*)

The gist of Mr. Malinsky's claims in the instant civil action appears to be that, more recently, he went to the "FBI lobby," apparently to retrieve the affidavit and/or video, and was told by someone identified as "SA" that he would not be able to obtain that information if he did not remember the relevant agent's name. (*Id.*) Although unclear, it appears Malinsky seeks access to this "evidence" in light of state charges pending against him, given his reference to a court appointed attorney who is "refusing to get this evidence," and a potential trial date at the "CJC," which the Court understands to be a reference to the Criminal Justice Center in Philadelphia. (*Id.*) Mr. Malinsky alleges that the "evidence" will be "lost forever" in six months or less and notes that he is potentially facing a sentence of ten years of imprisonment if he is convicted.[2] (*Id.*) As relief, Malinsky requests that this Court "order [the] FBI to turn over the evidence." (*Id.* at 4.)

II.  **STANDARD OF REVIEW**

The Court will grant Mr. Malinsky leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United*

---

[2] A review of state court dockets reveals that a retail theft charge is pending against Malinsky in the Philadelphia Municipal Court. *Commonwealth v. Malinsky*, No. MC-51-CR-0017072-2022 (Phila. Municipal Ct.). It is unclear whether this is the prosecution motivating his desire to obtain the evidence allegedly in the custody of the FBI.

2

*States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Malinsky is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.  DISCUSSION

Mr. Malinsky's Complaint, even when liberally construed, lacks a legal basis. To the extent Malinsky's Complaint can be understood as an attempt to raise a constitutional claim against the FBI based on the alleged withholding of evidence that could assist him in defending criminal charges, his claims fail. The basis for asserting a constitutional claim against federal officials is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). However, *Bivens* claims may not be brought against the United States or its agencies, the FBI among them. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Epshteyn v. Police Dep't of Upper Providence Twp.*, 615 F. App'x 88, 90 n.1 (3d Cir. 2015) (*per curiam*) (explaining that a *Bivens* claim "is not cognizable against the FBI itself"); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). As Malinsky has only named the FBI as a Defendant, any *Bivens* claims must be dismissed as legally frivolous. *See Willis v. Fed. Bureau of Prisons*, No. 22-2682, 2022 WL 15525751, at *2 (E.D. Pa. Oct. 27, 2022).

To the extent Malinsky's Complaint can be construed as seeking a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361, compelling the FBI to produce the evidence he seeks, Malinsky is not entitled to mandamus relief. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[A] writ of mandamus also represents an extraordinary remedy." *Semper v. Gomez*, 747 F.3d 229, 251 (3d Cir. 2014). Mr. Malinsky has the ability to address his concerns to the judge who is assigned to his underlying criminal case and/or to attempt to again address the issue with his attorney. He is therefore not without an avenue for relief, nor has he identified a clear nondiscretionary duty owed to him in the context of this case that would justify mandamus relief. *See generally Lam v. Hufford*, No. 11-1903, 2012 WL 760595, at *8 (M.D. Pa. Feb. 13, 2012), *report and recommendation adopted sub nom. Chuong Lam v. Hufford*, 2012 WL 760591 (M.D. Pa. Mar. 7, 2012) (observing that "one consistent theme throughout these cases [seeking a writ of mandamus to compel components of the Department of Justice to take action] has been that the courts rarely such embrace mandamus requests," citing cases). Nor can the Court identify any other non-frivolous or plausible basis for a claim here.

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Malinsky leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally baseless. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Malinsky's Motion for Appointment of Attorney will be denied in light of the dismissal of his case. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is

appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). His Motion to Seal will also be denied.[3] An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**

---

[3] The "'strong presumption' of openness does not permit the routine closing of judicial records to the public" and the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure." *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also Patel v. Educ. Comm'n for Foreign Med. Graduates*, No. 22-1651, 2023 WL 3336646, at *2 (3d Cir. May 10, 2023) (to prevail on a motion to seal, plaintiff "had to show that 'the interest in secrecy outweigh[ed] the presumption'" under common law that "the public has a right of access to judicial [records]'" (quoting *In re Avandia Mktg. Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019))). "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551. Malinsky's assertions that he ran into people in the witness protection program seven years ago and his suggestion that he, too, has unspecified "classified information," (ECF No. 4), the relevance of which to this case is entirely unclear, do not establish that he will experience any injury if the case is not sealed.